FILED

16 OCT 14 PM 4: 10

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CLAUDIA QUIROZ,
              Movant,

-vs-                                               Case No. A-16-CA-927-SS
                                                [No. A-15-CR-212(3)-SS]
UNITED STATES OF AMERICA,
              Respondent.

## **ORDER**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Claudia Quiroz's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#144] and the Government's Response [#147]. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On August 4, 2015, Quiroz was charged in a one-count indictment with bulk cash smuggling in violation of 31 U.S.C. § 5332. On September 16, 2015, Quiroz pleaded guilty before United States Magistrate Judge Andrew Austin. There was no plea agreement. On November 20, 2015, Quiroz was sentenced to twenty-four months of imprisonment, followed by a three-year term of supervised release and a $100 special assessment. Quiroz filed a notice of appeal on December 11, 2015, but the Fifth Circuit dismissed her appeal on May 4, 2016, pursuant to Quiroz's motion.



Quiroz filed the instant § 2255 motion on August 2, 2016, and the Government responded on September 1, 2016. The motion is now ripe for decision.

## Analysis

### I. Section 2255—Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

### II. Application

In her § 2255 motion, Quiroz seeks "a minor role adjustment and sentence reduction" under U.S.S.G. § 3B1.2(b) Amendment 794. The Court construes Quiroz's § 2255 motion as raising two grounds for relief: (1) the Court erroneously failed to apply a minor role reduction pursuant to

Amendment 794, and (2) her counsel was ineffective for failing to object to the presentence report which advised against granting a minor role reduction.

**A.    Failure to Apply the Amendment**

As an initial matter, Quiroz's claim that the Court erroneously failed to apply Amendment 794 to her sentencing is not properly considered in a § 2255 motion, because it could have been raised on direct appeal. Even considering the merits of her claim, however, Quiroz does not qualify for a reduction. A minor role reduction grants a two-point reduction to defendants who are found to be "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, cmt. n. 3(A). U.S.S.G. § 3B1.2 was amended on November 1, 2015 to clarify that when a district court conducts an assessment of whether a defendant should receive a role reduction, "the defendant is to be compared with the other participants" in the crime, not with a hypothetical average participant. U.S.S.G. App. C. Amend. 794. According to the United States Sentencing Commission, "[f]ocusing the court's attention on the individual defendant and the other participants is more consistent with the other provisions of Chapter Three, Part B." *Id.*

In this case, Quiroz's presentence report was "revised to reflect the use of the 2015 Guidelines Manual." The 2015 Guidelines Manual incorporated all amendments to the Sentencing Guidelines through November 1, 2015, including Amendment 794. The presentence report describes the investigation which led to Quiroz's arrest. *See* Presentence Report [#110]. On July 23, 2015, Austin police officers initiated a traffic stop of a 2005 Lincoln LS traveling southbound on Interstate 35 after observing the driver of the vehicle commit a traffic violation. The driver of the vehicle was identified as Roberto Martinez-Gonzalez, and the occupants were identified as Claudia Quiroz, Cindy Eileen Quiroz, and Cindy's three-year old daughter. After noting the inconsistencies in the

occupants' explanation of the reason for their travel, as well as several deceptive behaviors exhibited by Martinez-Gonzalez, the officers requested consent to search the vehicle. Cindy Quiroz, the owner of the vehicle, agreed.

A subsequent search of the vehicle led to the discovery of ten plastic-wrapped bundles located in the glove compartment, floorboard, and trunk of the vehicle. The bundles contained $346,640.00 in United States currency. After being advised of their constitutional rights, Claudia Quiroz, Cindy Quiroz, and Martinez-Gonzalez (Defendants) agreed to waive their rights and speak to the officers. Both Claudia Quiroz and Cindy Quiroz admitted they knew there was currency concealed in the vehicle, which was placed there by unknown individuals at a ranch in Dallas, Texas. Martinez-Gonzalez also admitted to knowingly transporting concealed currency, and indicated both Claudia Quiroz and Cindy Quiroz were fully aware of the currency located in the vehicle. Defendants further consented to a search of their cell phones, which revealed messages on Claudia Quiroz's phone from individuals directing Defendants' activity. Based on this investigation, the probation officer concluded in the presentence report that "all three defendants were equal participants in [the] bulk cash smuggling conspiracy. As such, none of the defendants' roles can be viewed as mitigating, albeit not aggravating, and warrant no role adjustment." Presentence Report [#110] at 4. The Court—as well as the Government—agreed with the probation officer's conclusion at sentencing.

Based on the foregoing, the Court finds Quiroz's 24-month sentence was within the applicable guideline range and was not otherwise manifestly unjust. Quiroz's motion is therefore DENIED as to this ground.

### B. Ineffective Assistance of Counsel

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, she would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

Even though the merits of Quiroz's claim are not properly considered in a § 2255 motion, the Court construes her motion as claiming she received ineffective assistance of counsel, because her counsel failed to object to the presentence report's description of Quiroz's role in the offense. Without deciding whether Quiroz's counsel should have objected to the report, the Court finds there is nothing in the record to suggest his failure to do so prejudiced Quiroz. The facts of the case belie any argument that Quiroz—who admitted to knowingly transporting concealed currency and whose phone contained messages from individuals directing Defendants' activities—was entitled to a minor role adjustment under U.S.S.G. § 3B1.2(b) Amendment 794. Quiroz's motion is therefore DENIED as to this ground.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing § 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Quiroz's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

IT IS ORDERED that Movant Claudia Quiroz's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#144] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the __14th__ day of October 2016.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE